MOORE *et al.*, Plaintiffs in Error, v. ALBRIGHT *et al.*, Defendants in Error.

1. Where a creditor in stating an account between himself and his debtor gives a credit therein to the latter by mistake, or is induced to give such credit on terms and conditions that are not afterwards complied with by the debtor, he ought to be permitted to avail himself of these facts in a suit against the debtor to recover the item for which the credit was allowed.

*Appeal from St. Louis Circuit Court.*

This was an action to recover $188.57 for goods sold and delivered. The defendants set up that the indebtedness sued for was cancelled. In support of this defence the defendants adduced in evidence        er, dated New York, July 17,

1857, written by the plaintiffs to the defendants. In this letter the account between the plaintiffs and defendants is stated. Among the credit items in the account is the following : " By amount to your credit account loss—$188.57." The following passages were also contained in said letter : " We have agreed to cancel the claim due May 5th, &c. ;" we send you a memorandum of amount drawn for below, which will close the old account, and leaves amount purchased since the fire only to your debit, which we hope will be acceptable to you, and be duly honored on presentation ;" " we hope in future to be able to arrange matters so as to avoid the necessity for any disagreement upon the subject of goods not coming to order." The plaintiffs in rebuttal read the deposition of one Bowron, the book-keeper of plaintiffs, who deposed to the purchase of the goods sued for by defendants. The deposition contains this passage : " About the month of July, 1857, Messrs. John P. Moore & Son offered to Messrs. T. J. Albright & Son to make some reduction in the amount due from T. J. Albright & Son to them on certain terms and conditions, which offer was not accepted and acted upon, and such terms and conditions were not complied with by Messrs. T. J. Albright & Son, and therefore such offer became null and void."

The court refused the following instructions or declarations of law : " 1. If after the goods were sold and delivered to the defendants, plaintiffs voluntarily consented to forego their debt, but no consideration existed in this promise, nor any by the evidence has been shown, then plaintiffs are entitled to recover. 2. If the plaintiffs' promise to cancel was upon certain terms and conditions to be fulfilled by defendants, and such terms or conditions were not fulfilled, then plaintiffs are entitled to recover."

Plaintiffs took a nonsuit, with leave, &c.

*A. J. P. Garesché*, for appellants.

I. The court erred in refusing to give the instructions asked. They were supported by the evidence. The con-

ditions upon which the debt was to be cancelled were not fufilled.

*Carroll,* for respondents.

I. The account stated in the letter was conclusive between the parties unless some fraud, mistake or inaccuracy had been shown. (Paul v. Carroll, 16 Mo. 241; 12 Mo. 162.) Nothing of that sort is pretended.

SCOTT, Judge, delivered the opinion of the court.

The account stated in the plaintiffs' letter of July 17, 1857, *prima facie* showed that they were not entitled to recover. If the credit given the defendants for $188.57 loss was the same sum for which this suit is brought, the plaintiffs clearly could not recover unless they explained why they would take away from the defendants a credit which they had given them. Whether the items are identical is a question for the jury. The plaintiffs have not seen proper to have copied in the record the account on which their suit was instituted. There is evidence enough of a consideration for the credit given to the defendants contained in the plaintiffs' letter read to the jury, if proof of any consideration was necessary.

The court erred in refusing the second instruction asked by plaintiffs. If they had given credit by mistake, or had been induced to enter it on terms which were not afterwards complied with, they ought to have been permitted to show those facts. Whether there was evidence enough to sustain the defence assumed in the instruction was a matter for the jury. We have nothing to do with that. The jury will determine what weight should be given to such general declarations as were made by the witness, who was so kind as not only to testify, but to tell them the law arising upon his evidence.

The other judges concurring, judgment reversed and cause remanded.